IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| **Plaintiff,** | |
| v. | Case No. 20-20002-JAR |
| LANCE ASHLEY, | |
| **Defendant.** | |

### MEMORANDUM AND ORDER

On July 14, 2022, Defendant Lance Ashley was sentenced to term of imprisonment for twelve months and one day followed by a two-year term of supervised release for a fraud offense. This matter is before the Court on his Petition for Early Termination of Supervised Release (Doc. 68). The government has filed a response opposing the motion.[1] For the reasons explained below, the Court denies Defendant's motion.

**I.  Background**

In January 2020, the grand jury returned a four-count Indictment charging Defendant Ashley with failing to pay over to the Internal Revenue Service federal income taxes, and Medicare and Social Security taxes for employees of his business for tax years 2013–2016. On March 16, 2022, Defendant pled guilty to Count 4.[2] On July 14, 2022, the Court sentenced him to twelve-months-and-one-day imprisonment followed by a two-year term of

---

[1] Doc. 70.

[2] Doc. 50.

supervised release, a $100 special assessment for the Crime Victims Fund, and an order of restitution in the amount of $321,476.08.[3]

Defendant began serving his term of supervised release in May 2023, and his two-year term of supervised release will expire in May 2025. Defendant asserts that while on supervision, he has enrolled in community college, attended church weekly, and engaged in numerous types of community service. He also asserts that he has "remained fully compliant" with the requirements of supervised release and has been "fulfilling my restitution obligations."[4] But that is not true.

The conditions of Defendant's supervised release require that he pay no less than five percent of his monthly income—here $225 per month. He initially made $100 payments for May and June of 2023, when he began his supervision. But since then, he has made sporadic payments, often with several months elapsing between payments, and when they do come, they are usually less than the required $225 per month. After the initial $100 payments in May and June of 2023, he did not make another payment until October 2023, which was less than the required $225. He has now gone months without making a payment. Although he paid $350 in November 2024, he failed to make payments in December 2024 or January 2025.

## II.   Discussion

Defendant seeks early termination of his two-year term of supervised release under 18 U.S.C. § 3583(e)(1), which authorizes the Court to terminate a defendant's term of supervised release "at any time after the expiration of one year of supervised release" if the Court "is satisfied that such action is warranted by the conduct of the defendant released and

---

[3] Doc. 62 at 1.
[4] Doc. 68.

2

the interest of justice." In deciding whether to terminate a term of supervised release, § 3583(e) directs the Court to consider certain factors set forth in 18 U.S.C. § 3553(a).[5] Whether to grant a motion to terminate a term of supervised release rests within the discretion of the Court.[6]

### A. Section 3553(a) Factors

While the Court has the authority to terminate supervised release after one year, it must consider the factors set forth in § 3553(a) before ending supervision, which include: (1) the nature and circumstances of the offense and the defendant's personal history and characteristics; (2) adequate deterrence; (3) protection of the public; (4) the need for effective education, training, care or treatment; (5) the sentencing guideline factors and range in effect at the time of sentencing; (6) pertinent Sentencing Commission policy statements; (7) the need to avoid unwarranted sentencing disparities between similarly-situated defendants; and (8) the need to provide victim restitution.[7] The § 3553(a) factors that a reviewing court may *not* consider are (1) "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense" and (2) "the kinds of sentences available."[8] This is because supervised release "serves an entirely different purpose than the sentence imposed under § 3553(a)."[9]

---

[5] *See United States v. Warren*, 650 F. App'x 614, 615 (10th Cir. 2016) (citing 18 U.S.C. § 3583(e)(1)).

[6] *Rhodes v. Judiscak*, 676 F.3d 931, 933 (10th Cir. 2011).

[7] 18 U.S.C. § 3583(e) (citing these § 3553(a) factors).

[8] *Id.* (omitting these § 3553(a) factors).

[9] *Pepper v. United States*, 562 U.S. 476, 502 n.15 (2011).

*History and Characteristics of Defendant and Adequate Deterrence*

The Court finds the history and characteristics of Defendant and the need for adequate deterrence strongly weigh against early termination of supervision.  Defendant failed to pay federal income tax and Social Security or Medicare taxes for the employees of his home–health care business, over a period of four years.  Instead, Defendant spent the funds that he withheld from his employees' paychecks on personal expenses, leases for luxury vehicles and vacations.  This resulted in his owing more than $300,000 in restitution to the United States.  During the course of the investigation, Defendant lied to the revenue officer, concealed bank accounts, and produced fraudulent bank records.  Now, near the end of the two-year term of supervised release, Defendant has failed to consistently pay his monthly obligation of $225.  The Court is troubled by Defendant's blatant misrepresentations in his motion, in which he claims that he has been fully compliant with his restitution obligations.  Nothing could be further from the truth.  This demonstrates that Defendant's supervised release has not served to adequately deter him from dishonesty and misrepresentations to the Court.  On that basis alone, the Court finds that early termination of supervised release is not warranted.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Petition for Early Termination of Supervised Release (Doc. 68) is **denied.**

**IT IS SO ORDERED.**

Dated: April 4, 2025

                                        S/ Julie A. Robinson
                                        JULIE A. ROBINSON
                                        UNITED STATES DISTRICT JUDGE